**Shao XI LI, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 02–4754.

United States Court of Appeals, Second Circuit.

June 7, 2005.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

April M. Perry, Assistant United States Attorney (Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, James P. Fleissner, Assistant United States Attorney, Chief of Appeals, Criminal Division, Carole J. Ryczek, Assistant United States Attorney), Chicago, IL, for Respondent, of counsel.

Present: MINER, SACK, Circuit Judges, and SPATT,* District Judge.

### SUMMARY ORDER

Petition for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's denial of petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioner Shao Xi Li, a citizen of China, petitions for review of an October 17, 2002, Board of Immigration Appeals ("BIA") de-

* Of the United States District Court for the Eastern District of New York, sitting by desig-

cision dismissing his appeal of an Immigration Judge's ("IJ") decision of July 26, 2000, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Li argues that the IJ's opinion is not supported by substantial evidence and that the IJ's review of his CAT claim was erroneous.

We review the IJ's decision for substantial evidence. "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

Li claims that, because of statements he made concerning China–Taiwan relations, he was dismissed from his job as a driver for the Chinese government and required to report for "reeducation." But Li provides few additional details that would support his claim that the act he allegedly fears would constitute persecution. Indeed, case law suggests that the vague act of re-education as Li described it in his testimony would not, by itself, rise to the level of persecution. *See, e.g., Nelson v. INS,* 232 F.3d 258, 263 (1st Cir. 2000); *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995); *Fatin v. INS,* 12 F.3d 1233, 1243 (3d Cir.1993). Furthermore, Li's professed fear of persecution does not appear to be objectively reasonable. As the IJ noted, Li remained in China for two months after making his allegedly controversial statements, and his father was subjected to a mere three telephone calls asking Li to report for reeducation. Li testified that those calls occurred in the week after he was dismissed and that neither he nor his father received *any* calls after that. We conclude that substantial

nation.

evidence supports the IJ's determination that Li's alleged fear of persecution is not reasonable.

Li also claims that he will be persecuted because he will be imprisoned for fleeing China illegally. However, "[p]unishment for violation of a generally applicable criminal law is not persecution." *Saleh v. United States Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992). Finally, Li argues that the IJ erred in examining his CAT claim. Li argues that in light of *Ramsameachire v. Ashcroft*, 357 F.3d 169 (2d Cir.2004), the IJ's review was deficient because the IJ did not conduct a separate CAT analysis and did not examine country conditions or other evidence Li had provided. In *Ramsameachire* we emphasized that "[b]ecause the CAT inquiry is independent of the asylum analysis ... the BIA's decision with respect to an alien's claims for asylum and withholding of removal pursuant to the INA should never, in itself, be determinative of the alien's CAT claim." *Id.* at 184–85. We stated that in judging a CAT claim, the BIA is required to consider "*all* evidence of possible torture proffered by the alien, regardless of the weight it accords the alien's testimony." *Id.* at 184 (emphasis in original). Contrary to Li's contentions, however, the IJ in this case expressly considered various reports and other evidence included in the record before concluding that Li had not established that he would more likely than not be tortured should he be returned to China. We conclude that the IJ's review of Li's CAT claim was sufficient to establish that Li does not have a valid CAT claim.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.